UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOFER JAMES THOMPSON,

    Petitioner,                                    Case No. 1:13-cv-1260

v.                                                   HON. JANET T. NEFF

KENNETH MCKEE,

    Respondent.
_____/

**OPINION AND ORDER**

        This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

        As a preliminary matter, Petitioner claims he made an error in paragraph nine of his petition by writing November 22, 2010 instead of September 4, 2012 (Pet'r Obj., Dkt 3 at 1). Even if this is true, Petitioner's argument is moot. The Magistrate Judge used the correct dates and properly

calculated the expiration of the statute of limitations, despite what Petitioner wrote on his petition (*see* R&R, Dkt 2 at 4-5).

With regard to the substance of his objections, Petitioner contends that the Magistrate Judge erred by concluding that his habeas corpus petition is barred by the statute of limitations. Petitioner argues that his petition is timely because the beginning of the statutory limitations period should be calculated by reference to September 4, 2012, the date on which the Michigan Supreme Court denied Petitioner's application for leave to appeal the ruling on his motion for relief from the judgment (Pet'r Obj., Dkt 3 at 1). Petitioner's argument fails because (1) it confuses a collateral attack on his conviction with the direct appeal process and (2) misunderstands tolling.

"'Direct review immediately follows trial, generally is constrained by tight, non-waivable time limits, and concludes with finality of judgment. Collateral review focuses o[n] the adequacy of the trial and direct review, rather than the underlying merits of the original action. As such it necessarily follows direct review.'" *Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005) (quoting *Lambert v. Warden, Ross Corr.*, 81 F. App'x 1, 8-9 (6th Cir. 2003)); *see also Wall v. Kholi*, 131 S. Ct. 1278, 1285 (2011) ("Viewed as a whole, then, "collateral review" of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process.").

Here, Petitioner's motion for relief from the judgment served as an "application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2), rather than a direct appeal of the conviction. Petitioner filed the motion in the trial court after he had pursued a direct appeal of his conviction in both the Michigan Court of Appeals and the Michigan Supreme Court, and the motion raised issues of ineffective assistance of counsel—claims that address the adequacy of the

trial Petitioner received rather than the merits of the charge of which Petitioner was convicted. The fact that the Michigan Supreme Court then denied leave to appeal his motion for relief from the judgment on September 4, 2012 is irrelevant to determining the beginning of the statute of limitations because the direct review process had long since concluded.

For purposes of determining the beginning of the limitations period, finality occurs at the end of the *direct* review process, which does not include subsequent collateral attacks on the conviction. 28 U.S.C. § 2244(d)(1)(A) ("the latest of-- the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The Magistrate Judge properly stated that Petitioner's judgment became final on February 21, 2011, when his time to petition for certiorari to the United States Supreme Court expired and before he filed his subsequent collateral attack on the conviction (R&R, Dkt 2 at 4).

Second, Petitioner asserts that the Magistrate Judge's statement that "[t]he statute remained tolled until the Michigan Supreme Court denied Petitioner's application for leave of appeal on September 4, 2012," means that Petitioner had one year and ninety days from that date in which to file his habeas petition (Pet'r Obj., Dkt 3 at 1). Petitioner is incorrect. While a pending appeal for collateral review does toll the statute of limitations, this only means that the clock stops running until the collateral attack is no longer pending—the limitations period does not start over. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) ("'The plain language of the statute indicates that an application for state post conviction or other collateral relief does not serve to delay the date on

3

which a judgment becomes final.'"). Because Petitioner had 174 days remaining in the limitations period when he filed his motion for relief from the judgment on August 31, 2011, he still had only 174 days remaining in the limitations period after the Michigan Supreme Court denied his application for leave of appeal on September 4, 2012. Therefore, Petitioner is incorrect to state that he had one year and ninety days from September 4, 2012 to file his habeas petition (*See* Pet'r Obj., Dkt 3 at 1).

Finally, Petitioner notes that the reason he waited to file his habeas petition is because he was waiting to hear the outcome of the appeal filed by his wife, a co-defendant in this case. (Pet'r Obj., Dkt 3 at 1). To the extent that Petitioner attempts to make an argument for equitable tolling, the argument asserted provides no cognizable basis for equitable tolling. "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). Here, there is nothing about Petitioner's concern for the outcome of his wife's appeal that interfered with his ability to file his own appeal. Petitioner's excuse does not demonstrate either "'that he has been pursuing his rights diligently'" or "'that some extraordinary circumstance stood in his way' and prevented timely filing," and Petitioner is not entitled to equitable tolling if he does not establish these two elements. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).

In sum, the Magistrate Judge properly concluded that Petitioner's habeas corpus petition is barred by the statute of limitations.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling, that the petition is time barred, debatable. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 3) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 2 ) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to the Court's procedural ruling that the petition is time barred.

Dated: December  1  , 2014        /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge